# Law Office of Mohammed Gangat
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810
New York, NY 10017
Direct Dial: (718) 669-0714
Office: (646) 556-6112
mgangat@gangatpllc.com
Fax: (646) 496-9195

*Via ECF*

October 29, 2021

Magistrate Judge Taryn A. Merkl
United States District Court,
Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, NY 11201

        **Re**:   <u>**Carlos Nunez and Roandy Mendez, v. T-Maxx @ Amsterdam, Inc., et . al.**</u>
                <u>**No. 1:20-cv-04347-AMD-TAM**</u>

To the Honorable Magistrate Judge Merkl:

      I represent plaintiffs Carlos Nunez and Roandy Mendez in the above-referenced action (the "Action"). I submit this letter motion for settlement approval, as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      I attempted to get consent to this request from counsel for defendants T-Maxx @ Amsterdam, Inc.; Best Service Station Inc. d/b/a BP on The Run; Ju Xing Qu; and Lin Hai Qu, (collectively "Defendants") by sending them a version of this letter on October 26. I was not able to get their consent within today's deadline so I am filing this letter request as on behalf of Plaintiffs only. I expect counsel for Defendants will soon file a letter indicating they consent to the request for settlement approval.

## MOTION FOR APPROVAL OF SETTLEMENT

      This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

      Plaintiffs' initial disclosures, which were served on the Defendants, calculated that Plaintiff Carlos Nunez was owed approximately $53,075 and Plaintiff Roandy Mendez was owed approximately $6,622.50, and in addition to those amounts Plaintiffs sought to recover liquidated damages in equivalent amounts; $10,000 in statutory penalties for wage notice and wage statement violations; prejudgment interest on the unpaid wages; and attorneys' fees and costs.

Case 1:20-cv-04347-TAM   Document 19   Filed 10/29/21   Page 2 of 2 PageID #: 57

Hon. Taryn A. Merkl
Page 2 of 3
October 29, 2021

      The parties attended a settlement conference with Your Honor and reached a compromise figure of $90,000, to resolve all claims, including attorneys' fees and costs, and thereafter memorialized the figure as well as a complete set of terms and conditions in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A). Pursuant to the Agreement, the $90,000 will be divided as follows: $30,000 to Plaintiffs' counsel reflecting attorneys' fees; $14,000 to Plaintiff Roandy Mendez; and $46,000 to Plaintiff Carlos Nunez. These payments will be paid according to a payment plan as follows:

1. $14,000 to be paid immediately after this settlement is approved or the Rule 68 Judgement is entered by the Clerk of Court;
2. $46,000 on December 1, 2021; and
3. $30,000 on February 1, 2022.

      This settlement is fair when comparing the potential recovery at trial to the settlement amount. *See Wolinsky v. Scholastic, Inc., 2012 WL 2700381, *2 (S.D.N.Y. July 5, 2012)(Furman, J.)* It is also fair when considering Plaintiffs' counsel will keep 33.33% of the total settlement proceeds, with 66.66% going to Plaintiffs; and Plaintiffs' counsel's fees being paid last and after the payments are made to Plaintiffs. This is well in line with what attorneys get in these types of cases, specifically contingency fee representations of employees in unpaid wage actions.

      As for the release in the Agreement, it is a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision.

      Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months involving counsel and the exchange of documentary evidence. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

      The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that (a) the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering; or (b) order the Clerk of the Court enter a judgment in accordance with the Notice of Acceptance of Rule 68 Offer. We thank the Court for its time and attention to this matter.

      Respectfully Submitted,

      _/s Mohammed Gangat_
      Mohammed Gangat, Esq.